No. 633

ELI v. STATE

Ohio Appeals, 7th Dist., Mahoning Co.

225. CHARGE TO JURY—1. In prosecution where malice is ingredient of crime, the court should instruct the jury in that respect.

2. Counsel must call attention to court or specifically except when there is a claimed omission in charge.

ROBERTS, J.

Nick Eli was tried in the Mahoning Common Pleas, charged with having unlawfully,

## STATE COURT OF APPEALS—Continued

feloneously, maliciously and purposely cutting one, Palova, with intent to wound, and intent to kill. A verdict of not guilty was returned under the first count, but guilty under the second count, of cutting with intent to wound.

Error was prosecuted and Eli contended that reversible error existed in three respects: first, on the weight of the evidence, second, misconduct on part of attorney representing the state; and third, error in the instruction of the court to the jury. It was claimed by the state that where an omission exists in the court's instructions to the jury, that it is the duty of the other side to except specifically or call attention to the claimed omission. It was declared that Eli did not do this and therefore any error in the charge was cured by his failure to do so. The Court of Appeals held:

1. Section 12420 GC., by virtue of which the indictment was returned, has incorporated in its language the word "maliciously" as a part of the offense.

2. The instructions of the court were wholly silent upon the proposition of malice or that in order to constitute guilt or justify conviction under the indictment it was necessary to establish that the assault was maliciously made, and that malice was a necessary ingredient of the offense.

3. "On an indictment for maliciously cutting with intent to wound, a verdict of "Guilty of cutting with intent to wound" is not sufficient to sustain a judgment upon conviction". Riflemaker v. State; 25 OS. 395.

4. It must be assumed that the court was not misled in respect to the omission in the charge, for the record shows that attorney for Eli did call attention of the court to the omission to charge malice.

Judgment reversed and cause remanded.

Attorneys—J. G. Hartwell, for Eli; T. J. Thomas, Pros. Atty., for State; all of Youngstown.